# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2020

No. 19-50707
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR CAMPOS-LAGUNAS, also known as Jose Lopez-Lomali, also known
as Carlos Ortiz, also known as Orbelin Lagunas Campos, also known as
Orbelin Campos Lagunas, also known as Carlos Laguna Campos, also known
as Lagunas Campos, also known as Oscar Laguan Campos, also known as
Norbelio Campos-Lagunas, also known as Carlo Garcia, also known as Oberlin
Campos,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CR-62-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Oscar Campos-Lagunas appeals the sentence imposed following his
guilty plea conviction for illegal reentry following deportation in violation of
8 U.S.C. § 1326.  He argues that the enhancement of his sentence pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-50707

§ 1326(b)(2), which increased his statutory maximum sentence to 20 years of imprisonment and three years of supervised release, is unconstitutional because of the treatment of the provision as a sentencing factor rather than as an element of a separate offense that must be proved to a jury beyond a reasonable doubt.  He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  However, he seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent decisions indicate that the Supreme Court may reconsider its holding in *Almendarez-Torres*.

In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt.  We have held that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  Thus, Campos-Lagunas's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.